# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STONEY WILLIAM AULT,**

    **Petitioner,**

    **v.**                                       **CIVIL ACTION NO. 2:04CV94**

**WILLIAM S. HAINES, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/ORDER
## 28 U.S.C. § 2254

### I. PROCEDURAL HISTORY

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13.

The petitioner, Stoney William Ault, was convicted by jury on June 4, 2002, in the Circuit Court of Grant County, West Virginia, of first degree sexual abuse and first degree sexual abuse by a custodian. He was sentenced to 1-5 years and 10 to 20 years to run concurrently. He is currently incarcerated at the Huttonsville Correctional Center. He filed a petition for direct appeal which was refused on September 25, 2003. On January 12, 2004, the petitioner filed a petition for writ of habeas corpus in the Circuit Court of Grant County which was summarily refused by order entered on January 22, 2004.[1] He then filed a petition for appeal from the denial of his habeas petition. The

---

[1] The circuit court found that "the Petition contains various distortions and outright fabrications and is filed in bad faith merely to harass the State and is frivolous and totally without merit." The circuit court then addressed each of the petitioner's grounds and explained why the grounds were baseless.

petition for appeal was refused on November 17, 2004.

On December 10, 2004, the petitioner filed a *pro se* Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody. He also filed the following documents: (1) a document titled "Motion and Pleadings and Legal Arguments to Move the Federal District Court to Accept Jurisdiction in Petitioner's Habeas Corpus Based Both on Exhaustion of State Remedies and Inadequate and Ineffective State Remedies"; (2) "Motion to Enter into Record Expanded and More Detailed Grounds for Relief in Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254"; and (3) a "Motion to District Federal Court to Accept Into Evidence Exhibit Which Tend to Support Petitioner's Claims: (1) Supporting Grounds in his Habeas Corpus Petition, and, (2) Documenting Exhaustion of State Remedies, and (3) Documenting Inadequate/Ineffective State Remedies."

By Order entered on December 20, 2004, the Court denied as moot the "Motion to Enter into Record Expanded and More Detailed Grounds for Relief in Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254" and the "Motion to District Federal Court to Accept Into Evidence Exhibits Which Tend to Support Petitioner's Claims: (1) Supporting Grounds in his Habeas Corpus Petition, and, (2) Documenting Exhaustion of State Remedies, and (3) Documenting Inadequate/Ineffective State Remedies."

With regard to the petitioner's motion regarding exhaustion, the petitioner asserted that the summary dismissal of his state habeas petition, the refusal of his petitions for appeal, and the circuit court's failure to provide him with transcripts from his criminal case demonstrate that state process is inadequate and that invocation of the state judicial process would be futile excusing the exhaustion of his state judicial remedies. By Order entered on December 20, 2004, the Court ordered the respondent to reply to the petitioner's "Motion and Pleadings and Legal Arguments to

Move the Federal District Court to Accept Jurisdiction in Petitioner's Habeas Corpus Based Both on Exhaustion of State Remedies and Inadequate and Ineffective State Remedies" and to explain to the court what issues are unexhausted. The respondent was also ordered to advise the Court with facts, documents and legal authority whether "there is an absence of available State corrective process" or "circumstances [which] exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2254(b)(1)(B)(i) and (ii). The respondent was not ordered to respond to the merits of the petitioner's claims.

On February 1, 2005, the respondent filed Response to Petitioner's Motion to Accept Federal Jurisdiction, and Motion to Dismiss. The Court issued a Roseboro Notice[2] advising the petitioner of his right to respond to the motion to dismiss.

On February 7, 2005, the petitioner filed Counter-Argument or Traverse to Response to Petitioner's Motion to Accept Federal Jurisdiction and Motion to Dismiss. The petitioner admitted that some of his claims may be unexhausted, but he asserted that the summary dismissal of his state habeas petition, the refusal of his petitions for appeal, and the circuit court's failure to provide him with transcripts from his criminal case demonstrated that the state process is inadequate and that invocation of the state judicial process would be futile, thus, excusing the exhaustion of his state judicial remedies. The petitioner further stated that he "now goes on the record as stating that he would rather waive those other meritorious grounds than have to endure the anxiety and demoralization and humiliation of going through more abuse at the hands of state court process." (Doc. #15, p.3].

The respondent contends that the petition should be dismissed because the petitioner has

---

[2] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

3

failed to exhaust his state judicial remedies regarding 16 grounds he has raised before this Court, and has thus, filed a mixed petition. The respondent further argues that because the petitioner did not receive an omnibus habeas corpus evidentiary hearing nor "specific findings of fact and conclusions of law," the "Petitioner could arguably return to state court because he is still entitled to a full review of his claims." In the alternative, the respondent requests that the Court find that the petitioner's unexhausted claims are procedurally barred, and thus, the Court is barred from considering them.

By Order entered on May 24, 2005, the undersigned found that the petitioner was attempting to fall within one of the exceptions to the exhaustion requirement. 28 U.S. C. §2254(b)(1), which addresses exhaustion, provides as follows:

> an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is either an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In determining whether exhaustion is excused, "the question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim; not whether the state court would decide in favor of the petitioner on the merits." Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984); see also Phelps v. Rosen 1997 WL 383058, *3 (D.Kan. 1997)(Court unwilling to say just because petition dismissed once it would be dismissed again ).

The undersigned found that the petitioner had not demonstrated that the state process was ineffective. Instead, the petitioner stated that he had no recourse in state court because the Circuit Court of Grant County summarily dismissed his habeas petition, and the West Virginia Supreme

4

Court refused his petition for appeal. The undersigned found that such assertions do not excuse exhaustion.

Thus, by Order entered on May 24, 2005, the undersigned advised the petitioner as follows:

> The Court finds that the petition contains both exhausted and unexhausted claims. Thus, pursuant to Rose v. Lundy, 455 U.S. 509 (1982) the petition must be dismissed. In order to avoid dismissal of his petition, the petitioner may file an amended petition in which he sets forth the exhausted claims he wishes to pursue. If the petitioner wishes to file an amended petition, he is advised that he would, in all likelihood, be procedurally barred under Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, and under the Antiterrorism and Effective Death Penalty Act of 1996, from presenting the non-exhausted grounds, once they have been exhausted, in a subsequent federal habeas petition. If the petitioner wishes to pursue only his exhausted claims, he is ordered to file an amended petition within 15 days of the entry of this Order.

On June 6, 2005, the petitioner filed a Motion/Request for Judge Maxwell to Review Order of Magistrate Kaull on Appeal, and Request for C.O.A. to Fourth Circuit if Needed, and Request for Clarification of Said Order of May 23, 2005. In his motion, the petitioner states that he intends to file an amended §2254 petition under protest. The petitioner did in fact file an amended §2254 petition on June 6, 2005. On June 9, 2005, the petitioner filed a Motion to Appoint Counsel.

On July 5, 2005, the petitioner filed a document titled "Motion to Enter Into Record Proof of Petitioner's 100% Disability Due to Post-Traumatic- Stress-Disorder, as Relevant Both to Grounds in Habeas (e.g., Speedy Trial Claim), and to Need for Appointment of Counsel in This Action. On July 6, 2005, the respondent filed a Response in Opposition to Enter Into Record Proof of Petitioner's 100% Disability.

## II. **ORDER**

Because the petitioner disagrees with the undersigned's findings in the Order entered on May 24, 2005, the undersigned finds that the petitioner is attempting to hedge his bets by also filing an

amended petition. Thus, the undersigned **vacates** the Order entered on May 24, 2005, and therefore, the amended petition is rendered moot as is the petitioner's Motion/Request for Judge Maxwell to Review Order of Magistrate Kaull on Appeal, and Request for C.O.A. to Fourth Circuit if Needed, and Request for Clarification of Said Order of May 23, 2005.

### III. ANALYSIS OF §2254 PETITION FILED ON DECEMBER 10, 2004

The undersigned finds that petitioner's original §2254 petition contains both exhausted and unexhausted claims, and that the state procedure is not ineffective or that there is an absence of state corrective process. Consequently, the undersigned recommends that the respondent's motion to dismiss be granted and that the petitioner's §2254 petition be dismissed for failure to exhaust his state judicial remedies.

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. 28 U.S.C. §2254.[3] To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911.

---

[3] 28 U.S. C. §2254(b)(1) provides that:

an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is either an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief ... by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, ____ U.S. ___, 125 S.Ct. 856, 859 (2005).

The exhaustion of state remedies in accomplished by the petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995) and Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W. Va. 1993). A federal court may only consider those issues the petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971). The petitioner must demonstrate that the claims raised in state court are the same as the issues raised in federal court. Pitchess v. Davis, 421 U.S. 482, 487 (1975)("the rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another one in the federal courts."). The petitioner has the burden of demonstrating that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

The undersigned finds that the petitioner has not met his burden of demonstrating that his claims are exhausted.

The undersigned notes that the petitioner states in his Motion/Request for Judge Maxwell to Review Order of Magistrate Kaull on Appeal, and Request for C.O.A. to Fourth Circuit if Needed, and Request for Clarification of Said Order of May 23, 2005 (paragraph 14) that the undersigned abused his discretion by not staying his case and placing his case in abeyance. In Rhines v. Weber,

\_\_\_ U.S. \_\_\_, 125 S.Ct. 1528, 1535 (2005), the Supreme Court held that "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." First, the petitioner has not offered good cause for failing to exhaust his claims in state court. In fact, the petitioner states that he had "prepared three different sets of 'addendums' to his original state Habeas petition, which he planned to send to the state court as soon as the Supreme Court granted his appeal on the summary dismissal of his Habeas." Further, the petitioner's argument that he should be granted a stay conflicts with his allegation that the state process is ineffective. He cannot have it both ways. Thus, a stay of his petition is not warranted.

Consequently, the respondent's motion to dismiss should be granted and the petitioner's Motion and Pleadings and Legal Arguments to Move the Federal District Court to Accept Jurisdiction in Petitioner's Habeas Corpus Based Both on Exhaustion of State Remedies and Inadequate and Ineffective State Remedies" be denied.

## IV. ANALYSIS REGARDING MOTION TO ENTER INTO RECORD PROOF OF PETITIONER'S 100% DISABILITY and MOTION FOR COUNSEL

Because the undersigned recommends that the respondent's motion to dismiss be granted because the petitioner has failed to exhaust his state judicial remedies, the undersigned recommends that the petitioner's Motion to Enter Into Record Proof of Petitioner's 100% Disability and his Motion for Counsel be DENIED. Further, there is nothing in the order which grants the petitioner a disability award which indicates his post-traumatic stress disorder rendered him unable to participate in the defense of his case, impaired his ability to testify or impaired his ability to

adequately present his §2254 grounds.

## V. ORDER/RECOMMENDATION

It is **Ordered** that the Court's Order entered on May 24, 2005 is VACATED and the petitioner's amended petition is rendered moot as is his Motion/Request for Judge Maxwell to Review Order of Magistrate Kaull on Appeal, and Request for C.O.A. to Fourth Circuit if Needed, and Request for Clarification of Said Order of May 23, 2005.

It is **Recommended** that the respondent's motion to dismiss filed on February 1, 2005 be GRANTED and that the petitioner's §2254 petition be dismissed without prejudice for failure to exhaust his state judicial remedies. It is further recommended that the petitioner's Motion to Enter Into Record Proof of Petitioner's 100% Disability and Motion for Counsel be DENIED.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[4]

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Order to the *pro se* petitioner and the Attorney General for the State of West Virginia.

Dated: July 11th, 2005

---

[4] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**